IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANDREW ANTHONY LONG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 07-614-GMS |
| | ) |
| WARDEN ROBERT GEORGE, DEPUTY | ) |
| WARDEN WILLIAM OETTEL, STAFF | ) |
| LT. MIKE COSTELLO, STAFF LT. TOM | ) |
| BAKER, and LT. FRANCIS MONTEE, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Andrew Anthony Long ("Long"), an inmate at the Sussex Community Correctional Center ("SCCC"), Georgetown, Delaware, filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears *pro se* and was granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915. (D.I. 5.)

For the reasons discussed below, the court will dismiss the complaint as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**I. BACKGROUND**

Long alleges that on August 5, 2007, he was housed at the Sussex Violation of Probation Center ("SVOP"), where the defendant Staff Lt. Costello ("Costello") was in charge. Long alleges that Costello's staff did not place Long's personal pictures in his personal box. Although not alleged, it appears the pictures are missing. Long filed a grievance and alleges that the defendant Lt. Francis Montee ("Montee") was in charge of grievance hearings. Long wrote to the defendant Warden George ("George") regarding his personal pictures and received a response

from the defendant Deputy Warden William Oettel ("Oettel"). Long also spoke to the defendant Staff Lt. Tom Baker ("Baker") about the pictures. Long seeks compensation for his pictures. He also seeks punitive damages.

## II. STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995).

In performing the court's screening function under § 1915(e)(2)(B), the court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Fullman v. Pennsylvania Dep't of Corr.*, No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). Additionally, a complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, –U.S.–, 127

S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A complaint does not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). Because Long proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

## III. ANALYSIS

### A. Personal Property

Long brings this suit seeking compensation because his personal pictures are missing allegedly due to actions of the defendants. A prisoner's due process claim based on random and unauthorized deprivation of property by a state actor is not actionable under § 1983, whether the deprivation is negligent or intentional, unless there is no adequate post-deprivation remedy available. *See Parratt v. Taylor,* 451 U.S. 527, 542 (1981), *overruled on other grounds by,* 474 U.S. 327 (1986); *Hudson v. Palmer,* 468 U.S. 517, 533 (1984). Long has available to him the option of filing a common law claim for conversion of property. Inasmuch as Delaware law provides an adequate remedy for Long, he cannot maintain a cause of action pursuant to § 1983. *See Hudson,* 468 U.S. at 535; *Nicholson v. Carroll*, 390 F. Supp. 2d 429, 435 (D. Del. 2005); *Acierno v. Preit-Rubin, Inc.*, 199 F.R.D. 157 (D. Del. 2001) (other citations omitted).

As currently presented, the complaint lacks an arguable basis in law or in fact and must, therefore, be denied as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

### B. Grievances

Long's claim also fails to the extent he alleges an inadequate grievance procedure or a failure to address his grievances. The filing of a prison grievance is a constitutionally protected activity. *Robinson v. Taylor*, No. 05-4492, 2006 WL 3203900, at *1 (3d Cir. Nov. 7, 2006). Although prisoners have a constitutional right to seek redress of grievances as part of their right of access to courts, this right is not compromised by the failure of prison officials to address these grievances. *Booth v. King*, 346 F. Supp. 2d 751, 761 (E.D. Pa. 2004). This is because inmates do not have a constitutionally protected right to a grievance procedure. Therefore, the court will dismiss the claim as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### IV. CONCLUSION

Based upon the foregoing analysis, the complaint will be dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the complaint would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976). An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

Nov. 16, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANDREW ANTHONY LONG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 07-614-GMS |
| | ) |
| WARDEN ROBERT GEORGE, DEPUTY | ) |
| WARDEN WILLIAM OETTEL, STAFF | ) |
| LT. MIKE COSTELLO, STAFF LT. TOM | ) |
| BAKER, and LT. FRANCIS MONTEE, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 16th day of Nov., 2007, IT IS HEREBY ORDERED for the reasons set forth in the Memorandum issued this date, the complaint is dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B). Amendment of the complaint would be futile.

CHIEF UNITED STATES DISTRICT JUDGE

FILED
NOV 26 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE